RECEIVED
IN LAKE CHARLES, LA

JAN - 2 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **HOWARD TALKS** | : | **DOCKET NO. 2:06 CV 0952** |
| **VS.** | : | **JUDGE MINALDI** |
| **ERHC ENERGY, INC.** | : | **MAGISTRATE JUDGE WILSON** |

## MEMORANDUM RULING

Before the court is a Motion to Reinstate Motion to Strike or Withdraw [doc. 35], filed by the defendant ERHC Energy, Inc. ("ERHC"). Before the court is also a Motion to Enforce Judgment and Motion for Sanctions [doc. 36], filed by the plaintiff, Howard Talks ("Talks"). ERHC submitted an Opposition to Talks' Motion [doc. 37]. Talks filed a Reply [doc. 38].

## FACTS

On November 12, 2007, the parties submitted a Joint Motion to Dismiss Lawsuit and Adopt Judgment, filed by ERHC [doc. 31]. On November 20, 2007, this court signed the parties' jointly submitted Judgment [doc. 34]. Also on November 20, 2007, this court signed an order [doc. 33] granting the Motion to Strike [doc. 31]. On November 20, 2007, ERHC filed its Motion to Reinstate Motion to Strike or Withdraw [doc. 35], and the following day, Talks filed his Motion to Enforce Judgment and Motion for Sanctions [doc. 36]. This court mooted its order signing the parties' jointly submitted Judgment on November 27, 2007 to consider the parties' conflicting motions [doc. 39].

1

## ANALYSIS

ERHC submitted its Motion to Reinstate Motion to Strike or Withdraw, alleging that the parties are still negotiating a settlement agreement and are not prepared to dismiss the case at this time [doc. 35].[1]  Talks filed his Motion to Enforce Judgment and Motion for Sanctions [doc. 36] the following day.  To his motion, Talks attached the parties' Settlement Agreement, which was signed by both parties on September 25, 2007.[2]  The Settlement Agreement provides that Talks will receive $40,000 within thirty days of the settlement, with each party bearing their own costs.[3]  The Settlement Agreement also states that the parties will include a mutual release and standard confidentiality language, which ERHC would submit to Talks within thirty days from September 25, 2007.[4]

Talks alleges that ERHC refused to sign a release.  In order to resolve the problem, Talks suggested submitting a joint proposal that included a judgment to the court "that would make all causes of action compulsory claims and counterclaims regardless whether they were part of the transactions made the basis of this suit" so this court could dismiss all the claims with prejudice.[5] The parties filed a joint motion–with ERHC's counsel listed in the docket as the party submitting

---

[1] ERHC failed to indicate that Talks opposed this motion.

[2] Pl.'s Ex. A.

[3] *Id.*

[4] *Id.*

[5] Pl.'s Mot. to Enforce Judgment and Mot. for Sanctions, 2.

2

the documents–with similar language in the proposed judgment.[6]  In addition to the signed

Settlement Agreement and jointly proposed Judgment, Talks mentions that the parties had many

verbal and e-mail communications that evidence a meeting of the minds.[7]

Talks also requests $3,500 in attorney's fees.[8]  Pursuant to F. R. CIV. PRO. 11(c), to move

for sanctions, Talks must file a separate motion describing the specific conduct alleged to violate

F. R. CIV. PRO. 11(b).  Then, Talks must serve the motion to ERHC but not present it to the court

unless, within twenty-one (21) days after service of the motion, the challenged action is not

appropriately corrected.  F. R. CIV. PRO. 11(c)(1).  Because Talks did not comply with F. R. CIV.

PRO. 11(c)'s specific procedures, this court cannot consider a motion for sanctions.

ERHC submitted an Opposition to Talks' Motion to Enforce Judgment.  ERHC argues

that the Settlement Agreement was invalid because the parties did not have a meeting of the

minds as to what was intended when the compromise was reached.  ERHC cites several

Louisiana cases for this proposition.  *See, e.g., Dimitri v. Dimitri*, 2000-2641 (La. App. 4 Cir.

1/30/02); 809 So.2d 481, 484, *Dumas v. Agnus Chemical Co.*, 31969 (La. App. 2 Cir. 8/20/99);

742 So.2d 655, *Walk Haydel & Assoc., Inc. v. Coastal Power Prod. Co.*, 98-0193 (La. App. 4

---

[6] Judgment (Nov. 19, 2007) [doc. 34].  The Judgment reads, "[i]t is further ordered that all claims arising out of past events, whether arising out of the transactions made the basis of this suit or not, be and are considered compulsory claims and/or counterclaims, and are hereby dismissed with prejudice." *Id.*  Talks alleges that ERHC seeks to vacate the previous order because of a governmental investigation spanning the time in which Talks was involved with ERHC.  Talks maintains that if the investigation implicates him, then ERHC want the right to sue him.  Pl.'s Mot. to Enforce Judgment and Mot. for Sanctions, 2.

[7] Pl.'s Mot. to Enforce Judgment and Mot. for Sanctions, 2.  Talks attaches several communications to his Reply.

[8] *Id.* at 3.

Cir. 9/30/98); 720 So.2d 372. ERHC also points to *Amy v. Schlumberger Tech. Corp.*, 2000-175

(La. App. 3 Cir. 6/14/00); 771 So.2d 669, as finding the enforcement of a settlement is erroneous

when the parties fail to agree on the language of a release clause. In *Amy*, the parties never

reduced the compromise agreement to writing, nor did they recite their agreement in open court

to transcribe into the record, the two ways in which parties may form a valid settlement

agreement under Louisiana law. 771 So.2d at 672. ERHC argues that *Amy* and this case are

similar because although ERHC and Talks agreed to include release language, they never

specifically discussed the scope of the release prior to drafting the agreement itself. ERHC

further argues that any agreement on the release language in the proposed judgment was based on

misunderstandings, as in *Amy*.

This court rejects ERHC's arguments. Pursuant to LA. CIV. CODE art. 3071, a settlement

agreement must be "either reduced into writing or recited in open court and capable of being

transcribed from the record of the proceeding" to be enforceable. The settlement agreement in

*Amy* was never reduced to a single writing, nor was it recited in open court. 771 So.2d at 672.

Here, however, the parties both signed the Settlement Agreement, which satisfies the requirement

of reducing the compromise to writing. The Settlement Agreement stated that the parties would

later sign a release. A release was jointly submitted to this court in conjunction with the parties'

Joint Motion to Dismiss and Adopt Judgment, signed by ERHC's counsel. The court finds it

curious that ERHC would now object that the language of the release proposed in the judgment

was based on "misunderstandings as to the scope of the release," given that the judgment was

jointly submitted and that it was ERHC's counsel who filed the proposed judgment. This court

concludes that the parties' Settlement Agreement and release was reduced to writing and thus

4

satisfies the requirements of LA. CIV. CODE art. 3071.

"The meaning and intent of the parties to a written instrument, including a compromise, ordinarily is determined from the four corners of the instrument, and parol evidence may not be admitted to explain or contradict the terms of the instrument." *Dimitri*, 809 So.2d at 484. "Compromise agreements are legally favored, and the party seeking to establish the invalidity of a compromise agreement has the burden of proof." *Id.* at 485-86. When a party to a compromise disputes the scope of the settlement agreement, they may raise factual issues "regarding whether the unequivocal language of the instrument was intended to be truly unequivocal." *Dumas*, 742 So.2d at 661. "However, such latitude is granted only in the presence of some 'substantiating evidence' of mistaken intent. *Id.* The extrinsic evidence must demonstrate either that the releasor was mistaken as to what he was signing even though fraud was not present, or that the releasor did not fully understand the nature of the rights being released, or did not intend to release certain aspects of his or her claim. *Dimitri*, 809 So.2d at 485 (finding that the plaintiff proved by extrinsic evidence that he did not intend to sign the settlement agreement that would fail to fully pay for his medical expenses, and where the plaintiff alleged that the insurance adjuster told him to sign the release form in order to have his medical bills paid). In the absence of extrinsic evidence, settlement agreements are evaluated under the traditional rules of contract analysis and shall be enforced as written. *Dumas*, 742 So.2d at 661.

Thus, ERHC has the burden of proving that the Settlement Agreement was invalid, and must do so with extrinsic evidence. Because ERHC did not submit, or even allege, any evidence that would indicate the Settlement Agreement and release did not properly capture ERHC's

intent, ERHC has failed to meet its burden of proof.  Accordingly, the Settlement Agreement and release shall be interpreted by the traditional rules of contract interpretation and enforced as written.

## **CONCLUSION**

Because ERHC has failed to submit extrinsic evidence that would demonstrate the Settlement Agreement and jointly submitted judgment that contains the parties' proposed release does not properly capture ERHC's intent, the parties' Settlement Agreement and proposed release shall be enforced as written.  Accordingly, this court reinstates its November 20, 2007 Order [doc. 34] on the parties' jointly submitted Motion to Dismiss Lawsuit and Adopt Judgment.  This court denies Talks' request for sanctions for failure to comply with the procedures required by F. R. Civ. Pro. 11(c).

Lake Charles, Louisiana, this ⟍27 day of ⟍Dcc⟍, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

6